IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK TODD,

      Plaintiff,                         No. 2:13-cv-1016 TLN KJN PS

   vs.

JOHN ELLIS, et al.,

      Defendants.                <u>ORDER</u>

                               /

        Plaintiff Derek Todd, proceeding in this action without counsel, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

        The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

       To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

       Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

       Here, plaintiff's complaint itself is about 256 pages long, with another 1,122 pages of exhibits that accompany it.  (See ECF Nos. 1, 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8, 1-9,

1-10, 1-11, 1-12.) The complaint is long, rambling, repetitive, and appears to join several unrelated claims against numerous defendants. At least some of the claims and allegations also appear to be duplicative of other cases that plaintiff, a frequent filer in this court, has previously brought. Not only does the screening of such a voluminous complaint impose a significant burden on the court's limited time and resources, but it also violates Rule 8 of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Thus, the federal rules contemplate brevity. See Fed. R. Civ. P. 84. Claims must be set forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct.") A complaint must not contain lengthy preambles, introductions, argument, speeches, explanations, stories, griping, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1176-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning). The court (and defendants) should be able to read and understand plaintiff's pleading within minutes. Id. at 1177, 1179-80. Even if a heightened pleading standard applies as to a particular claim, "it is not an invitation to disregard Rule 8's requirement of simplicity, directness, and clarity." Id. at 1178.

Because plaintiff's complaint fails to comply with the above authorities and principles, the court dismisses plaintiff's complaint, but with leave to amend. If plaintiff elects to file an amended complaint, it shall be filed within 35 days of this order; shall be captioned "First Amended Complaint"; shall set forth plaintiff's claim(s) simply, concisely, and directly; and shall be limited to no more than 20 pages total (including any exhibits or attachments).[2] Plaintiff

---

[2] Because a complaint is not a motion or appellate brief, plaintiff need not include a table of contents, table of authorities, index, introduction, statement of the case, etc.

is hereby cautioned that the court will not consider any allegations or materials submitted in excess of the 20-page limit.  Furthermore, any amended complaint shall not include claims that are duplicative of claims in previous cases filed by plaintiff.  Failure to abide by these instructions may result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Plaintiff is informed that the court cannot refer to a prior complaint in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint, and once the amended complaint is filed, the original complaint no longer serves any function in the case.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff's complaint is DISMISSED with LEAVE TO AMEND.

3. Plaintiff shall file any amended complaint in accordance with this order within 35 days.  Any amended complaint shall be captioned "First Amended Complaint"; shall set forth plaintiff's claim(s) simply, concisely, and directly; *shall be limited to no more than 20 pages total (including any exhibits or attachments)*; and shall not include any claims that are duplicative of claims in previous cases filed by plaintiff.

4. Failure to timely file an amended complaint that complies with this order and the Federal Rules of Civil Procedure may result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: June 24, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE