UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK TODD,<br><br>             Plaintiff,<br><br>       v.<br><br>JOHN ELLIS et al.,<br><br>             Defendants. | No. 2:13-cv-1016-TLN-KJN PS<br><br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Derek Todd, who proceeds without counsel and in forma pauperis, initially commenced this action on May 22, 2013. (ECF No. 1.)[1] On June 25, 2013, the court dismissed plaintiff's original complaint, but with leave to amend. (ECF No. 3.) Thereafter, on July 3, 2013, plaintiff filed a first amended complaint, which remains pending for screening pursuant to 28 U.S.C. § 1915. (ECF No. 4.)

Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

////

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is ordinarily entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.  However, "[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990).

////

After reviewing plaintiff's first amended complaint, the court concludes, as an initial matter, that plaintiff improperly joined defendants in violation of Federal Rule of Civil Procedure 20(a)(2). Rule 20(a)(2) provides that:

> Persons…may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

In this case, plaintiff named approximately 34 defendants. Plaintiff's claims arise from at least five separate incidents or series of incidents: (1) plaintiff's February 3, 2010 arrest by Roseville Police Department officers based on plaintiff's alleged violation of an ex parte court order suspending plaintiff's visitation rights with his daughter; (2) the July 12, 2011 alleged obstruction of a criminal investigation by a state court judge, his judicial assistant, the Solano County District Attorney's Office, and the mother of plaintiff's son; (3) the June 15, 2011, June 21, 2011, and September 28, 2012, refusals of the Placer County Sheriff's Department/Placer County District Attorney's Office, the Solano County Sheriff's Department, and the Davis Police Department to investigate alleged perjury during a trial by defendant Lisa Rapalyea (plaintiff's son's former tutor); (4) the July 16, 2012 overcharging by officers of the Solano County Sheriff's Department for copies of police reports; and (5) various law enforcement officers' and agencies' refusals to investigate other miscellaneous alleged crimes against plaintiff and his son. (See ECF No. 4.) Plaintiff cannot join the presently-named defendants in one action, because plaintiff's claims against all these defendants plainly do not arise from the same transaction, occurrence, or series of transactions or occurrences. The above-mentioned incidents, implicating various groups of defendants, involve different times, different types of acts, and different subject matter.

As such, the court only proceeds to substantively screen plaintiff's claims against the first-named defendant (defendant John Ellis), which pertain to the July 12, 2011 alleged obstruction of a criminal investigation, as well as the other defendants involved in that incident (defendants Cyndy Pymm, Solano County District Attorney's Office, and Crystal Williams Archer). The

court recommends that the remaining claims and defendants be dismissed without prejudice for improper joinder under Federal Rule of Civil Procedure 20(a)(2).

As to the incident involving alleged obstruction of a criminal investigation, plaintiff alleges that, on July 12, 2011, defendant John Ellis, a state court judge, ordered his judicial assistant, defendant Cyndy Pymm, to obstruct a criminal investigation by a Solano County deputy sheriff. According to plaintiff, the deputy told plaintiff on the telephone that defendant Ellis "wanted to help the deputy write his criminal report." The criminal report at issue apparently concerned plaintiff's allegations that the mother of his son, Crystal Williams Archer, had somehow committed contempt of court, and the report purportedly stated that it would be forwarded to the Solano County District Attorney's Office for review. However, the Solano County District Attorney's Office allegedly informed plaintiff that they had never received the deputy's report and refused to write a letter to plaintiff explaining the incident. Plaintiff claims that defendants Ellis, Pymm, and Solano County District Attorney's Office wanted defendant Crystal Archer to get away with contempt of court, and that these defendants all conspired to violate various California Penal Code provisions and plaintiff's Fourteenth Amendment right to equal protection of the law. (ECF No. 4 at 9-10.)

As to the alleged violations of the California Penal Code, plaintiff, as a private individual, has no standing to prosecute any violations of criminal laws. As such, those claims must be dismissed.

Furthermore, plaintiff's allegations fail to state a plausible claim for violation of plaintiff's equal protection rights under 42 U.S.C. § 1983. Plaintiff fails to plead any facts suggesting that any of the defendants acted with an intent or purpose to discriminate against plaintiff based on his membership in a protected class. Thornton v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005). Liberally construed, the first amended complaint merely suggests, in conclusory fashion, that the governmental defendants were essentially bad actors who wanted to help defendant Archer get away with contempt of court, not that their actions were attributable to plaintiff's membership in some protected class. A court cannot "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v.

Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see also Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss.")

Plaintiff's complaint can also be construed as asserting a claim for conspiracy to violate plaintiff's equal protection rights under 42 U.S.C. § 1985. "To state a claim for conspiracy to violate constitutional rights, the plaintiff must state specific facts to support the existence of the claimed conspiracy." Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 929 (9th Cir. 2004). Furthermore, "to state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983." Id. at 930. Not only does plaintiff fail to plead specific facts to support the existence of a conspiracy between the defendants at issue here, but for the reasons discussed above, plaintiff's complaint does not state a cognizable Equal Protection Clause claim under section 1983. As such, any conspiracy claim is likewise subject to dismissal.

The court is cognizant of the need to construe a plaintiff's complaint liberally and to provide a pro se plaintiff with an opportunity to cure deficiencies if it appears possible that the plaintiff could do so. However, for the reasons discussed below, the court finds that granting plaintiff further leave to amend the above-mentioned claims against defendants Ellis, Pymm, Solano County District Attorney's Office, and Archer is unwarranted.

Plaintiff, a frequent filer in this district, has recently been declared a vexatious litigant by United States District Judge Garland E. Burrell, Jr., and Judge Burrell's order made any future complaints and petitions by plaintiff subject to a pre-filing review order. See Todd v. Canby et al., 2:13-cv-1018-GEB-AC, ECF No. 5.[2] In Magistrate Judge Allison Claire's November 7, 2013 findings and recommendations recommending that plaintiff be declared a vexatious litigant, which were ultimately adopted by Judge Burrell on December 24, 2013, Judge Claire noted:

---

[2] To be clear, because Judge Burrell's pre-filing review order only applies to future complaints or petitions by plaintiff, it does not control this preexisting case. However, as outlined below, the findings associated with Judge Burrell's order have guided this court in exercising its discretion as to whether to grant plaintiff further leave to amend in this case.

> Since 2011 and as of the date of these findings and recommendations, plaintiff has filed approximately 25 civil rights actions in this court, of which 16 have already been dismissed. While this court lacks the time and resources to extensively review each of these cases, plaintiff's lawsuits all target various persons directly or indirectly involved in custody proceedings concerning plaintiff's son and daughter that are pending in the state courts. As another magistrate judge of this court has observed, it appears that plaintiff is "attempting to use the federal courts for the nefarious purpose of harassing the state court decision makers and others involved in his child custody cases and/or family law matters." See Todd v. Shoopman et al., 2:12-cv-1768-JAM-GGH, ECF No. 3 at 6.

Id., ECF No. 3 at 3-4 (footnote omitted). The findings and recommendations outlined and catalogued in detail plaintiff's numerous frivolous cases filed in this court against state courts and/or state court judges who presided over certain aspects of plaintiff's child custody cases (including multiple cases against present defendant Judge John Ellis); court-appointed mediators assigned to plaintiff's child custody cases; social workers, police departments, and county prosecutors who allegedly failed to investigate and prosecute certain individuals directly or indirectly involved in plaintiff's child custody cases; and against the mothers of his children, Crystal Archer and Sondra Hoffman. (Id., ECF No. 3 at 4-7.)[3]

The court's records in the cases cited by Judge Claire show that, unlike the typical pro se litigant operating in an unfamiliar area of the law, plaintiff has been advised on numerous occasions on how to properly state claims under section 1983, including Equal Protection Clause claims. Nevertheless, plaintiff continues to file conclusory, deficient, and meritless claims of the type asserted against the defendants here. Indeed, plaintiff's instant lawsuit appears to be yet another transparent attempt to harass persons involved in some capacity with plaintiff's child custody disputes. Accordingly, the court finds plaintiff's contentions to be clearly baseless, frivolous, and malicious, and thus also concludes that granting further leave to amend would be futile and inappropriate under these circumstances.

////

---

[3] Although the court quotes from Magistrate Judge Claire's November 7, 2013 findings and recommendations in Todd v. Canby et al., 2:13-cv-1018-GEB-AC, the court has performed an independent review of the cases cited in those findings and recommendations.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's claims against defendants John Ellis, Cyndy Pymm, the Solano County District Attorney's Office, and Crystal Williams Archer related to the July 12, 2011 alleged obstruction of a criminal investigation be DISMISSED WITH PREJUDICE.
2. The remaining claims and defendants be DISMISSED WITHOUT PREJUDICE for improper joinder under Federal Rule of Civil Procedure 20(a)(2).
3. The Clerk of Court be directed to close this case.

IT IS ALSO HEREBY ORDERED that any deadlines, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations by the district judge.  With the exception of objections to the findings and recommendations or motions seeking relief of an emergency nature, the court will not entertain any further motions until the findings and recommendations are resolved by the district judge.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  January 2, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE